# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| RESURRECTION HOUSE MINISTRIES, INC., A Georgia Nonprofit Corporation, | * * * | CIVIL ACTION NO. CV223-_____ |
| | * | COMPLAINT FOR: |
| Plaintiff, | * | 1. VIOLATION OF THE |
| v. | * | RELIGIOUS LAND USE |
| | * | AND INSTITUTIONALIZED |
| CITY OF BRUNSWICK, a Municipal Corporation; | * | PERSONS ACT AND |
| COSBY H. JOHNSON, Mayor of the City of | * | 2. VIOLATION OF THE |
| Brunswick; JULIE T. MARTIN, JOHN A. CASON, III, | * | FIRST, FOURTH, AND |
| FELICIA M. HARRIS, and KENDRA L. ROLLE, City | * | FOURTEENTH |
| Commissioners; REGINA M. MCDUFFIE, City | * | AMENDMENTS TO THE |
| Manager for the City of Brunswick; KEVIN M. | * | UNITED STATES |
| JONES, Chief of Brunswick Police Department; | * | CONSTITUTION |
| CHRISTOPHER JONES, Building Official for the | * | |
| City of Brunswick; E. NEAL JUMP, Sheriff of | * | |
| Glynn County; and DOES 1 through 20 inclusive, | * | |
| all individually and in their official capacities; | * | |
| | * | |
| Defendants. | * | DEMAND FOR JURY TRIAL |

## COMPLAINT

For a Complaint against Defendants CITY OF BRUNSWICK (THE "City"), Mayor COSBY H. JOHNSON; City Commissioners JOHN A. CASON, III, FELICIA M. HARRIS, JULIE T. MARTIN, and KENDRA L. ROLLE; City Manager REGINA M. MCDUFFIE; Police Chief KEVIN M. JONES; Building Official CHRISTOPHER JONES; Glynn County Sheriff E. NEAL JUMP; and DOES 1 through 20 City Police, Glynn County Police and Glynn County Sheriff's Deputies, inclusive, all individually and in their official capacity (collectively "Defendants,") Plaintiff RESURRECTION HOUSE MINISTRIES ("RHM") alleges as follows:

Complaint For Violation of RLUIPA, Etc.

1

## I. JURISDICTION AND VENUE

I. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342 and 1983 based on questions of federal statutory and constitutional law, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b) because all the Defendants reside and can be found in this District and all of the acts and events giving rise to the claims occurred here.  Venue is proper specifically in the Brunswick Division of this District because all the Defendants reside within the Brunswick Division where all of the claims arose.

## II. SUMMARY OF COMPLAINT

3.    Plaintiff Resurrection House Ministries, Inc., is an all-volunteer Christian institution that originated in the mind and heart of a young prisoner serving a seven-year sentence for armed robbery. Having received a call into the ministry while in the Chatham County Jail in Savannah, Georgia, LEONARD SMALL finished studying the Bible from cover to cover four times over the 2 years 4 months and 16 days that he served before being released on parole. While growing spiritually and using that time as if he were in a monastery, LEONARD saw that most prisoners were there because they did not have marketable skills.

4.  LEONARD pledged that he would do his time and then start a Christian ministry that would help people coming out of prison, stay out of prison. He worked to survive a couple of years while getting ordained and preaching as an evangelist. His father had been a painter and taught LEONARD to paint. In 1980 LEONARD formed White House Painters, a small company that blossomed into a general contracting firm. It hired mainly ex-offenders and painted and rehabilitated many churches and historic sites in Savannah,

Complaint For Violation of RLUIPA, Etc.

2

Georgia, and surrounding areas. Some were historically famous like The Juliette Gordon Lowe House. She founded the Girl Scouts of America. It also did the First African Baptist Church, which is the Oldest Black Church in America.

5.  In 1983 LEONARD was called by the congregation of The Litway Missionary Baptist Church as their pastor. He continues to serve in that capacity today. Ultimately, LEONARD decided to house some of the females that his ministry was helping with substance abuse issues in a small house he had purchased across the street from his own.  With the Christian belief in resurrection and coming back from being dead in the drug and criminal world, LEONARD named it Resurrection House; thus, the vision of Resurrection House Ministries, Inc. was born. The corporation was formed in 1991 as a Georgia nonprofit corporation.

6.  The below famous biblical passage describes "doing unto the least of these," which is the religious path that RHM members and volunteers have followed for the past 32 years in exercising and expressing their religious beliefs in rendering charitable service to the impoverished, downtrodden and disabled individuals in Southeast Georgia by providing them with, among other things, ID vouchers; assistance in obtaining birth certificates;   hygiene materials; clothing; bus passes; hotel/motel vouchers; tuition assistance for children from poor families; counseling; delivery of food boxes to residences; referrals to other outreach services; onsite assistance for persons released from jails, and many other services and programs in carrying out its religious beliefs in caring for the poor and homeless.

7. A church-owned day-time-only religious homeless resource center known as The Well has operated in the City of Brunswick some seven blocks from the downtown

Complaint For Violation of RLUIPA, Etc.

3

business district at 1101 Gloucester Street since 2015. From the beginning of The Well's existence in 2015, the City has engaged in a relentless effort close it and remove the homeless from its city limits.  At night, homeless persons slept on the small front porch of The Well and in the public street in front of The Well. In October 2022, the City enacted an ordinance prohibiting camping on public property and on private property without the express permission of the owner. The City did not strictly enforce this ordinance until March 2023, when Defendant Mayor JOHNSON, at the public City Commission meeting, announced a "zero tolerance" policy in the enforcement of the ordinance.  On April 21, 2023, without any legal authority to do so, the City issued a letter imposing closure of The Well for 65 days. The City posted "No Trespassing" signs on the wall along the street in front of The Well enforcing its "no camping" ordinance and leaving the homeless without a resource center and no place to sleep.

8.  When the City of Brunswick illegally closed The Well on April 21, 2023, RHM recognized the immediate need to provide shelter and other resources for the homeless and leased the St. Johns Missionary Baptist Church property located at 1803 G Street where it began providing temporary emergency shelter and other services for the homeless. The City responded immediately by coming out in force on April 25, 2023, with their Chief of Police, City Manager, and Building Official, backed up by the Glynn County Sheriff and 20 Glynn County Police Officers and Sheriff's Deputies to force the closure of the church facility at 1803 G Street.  This event was covered extensively by the media including a television station from Jacksonville, Florida.

9.  On April 22, 2023, RHM entered into a lease of church property at the corner of Gordon and G Streets (1803 G Street) in the City and opened the underused church building at that location to provide an emergency temporary sanctuary, a safe haven, for

Complaint For Violation of RLUIPA, Etc.

4

the homeless.  The City immediately focused its unrelenting—and decidedly unlawful—campaign to remove the homeless from its city limits and to prevent RHM from performing its Christian ministry, on this church property, by heeding and implementing the following words of Jesus Christ:

> "For I was hungry and you gave me something to eat, I was thirsty and you gave me something to drink, I was a stranger and you invited me in, I needed clothes and you clothed me, I was sick and you looked after me, I was in prison and you came to visit me."

> "Then the righteous will answer him, 'Lord, when did we see you hungry and feed you, or thirsty and give you something to drink?  When did we see you a stranger and invite you in, or needing clothes and clothe you?  When did we see you sick or in prison and go to visit you?'"

> "The King will reply, 'Truly I tell you, whatever you did for one of the least of these brothers and sisters of mine, you did for me.'" (Matthew 25:35-40.)

10.  On Monday, April 24, 2023, at approximately 1:00 p. m., without a warrant, a court order of any kind or any other authority, the Defendant Chief of Police, KEVIN M. JONES, personally gave instructions to REV. SMALL and ordered him to vacate the church building at 1803 G Street within 24 hours.

11.  On April 25, 2023, at approximately 1 p.m., the Defendants City of Brunswick and Mayor COSBY H. JOHNSON and City Commissioners JOHN A. CASON, III, FELICIA M. HARRIS, JULIE T. MARTIN, and KENDRA L. ROLLE, acting by and through their Chief of Police KEVIN M. JONES, City Manager REGINA M. MCDUFFIE and Building Official CHRISTOPHER JONES assisted by the Defendant Glynn County Sheriff  E. NEAL JUMP and a host of City and Glynn County law enforcement officers dressed out in riot gear (collectively "the Defendants"), without any warrant or other court order, illegally ordered the church building at 1803 G Street be vacated within 10 minutes at the risk of being arrested for non-compliance.  The Defendants illegally entered and searched the St. John

Complaint For Violation of RLUIPA, Etc.

Missionary Baptist Church building at 1803 G Street in Brunswick, illegally evicted its occupants, and illegally boarded up and posted "No Entry" notices on the structure. Despite no legal authority to do so, this operation was clearly planned in advance in order to obtain the support of the Glynn County Police and the Glynn County Sheriff and ensured that the plywood barriers were timely delivered by Lang Building Supply in order that City employees could board up the structure while police were present.

12.   The homeless persons occupying the church building vacated it peacefully. No arrests were made; however, Defendant Chief of Police, KEVIN M. JONES, threatened arrest, but ultimately issued a Summons and Accusation to REV. LEONARD SMALL, CEO of Plaintiff RHM, citing him for violation of the City of Brunswick Ordinance, Section 16-95, Prohibited Use of Private Property.  Ordinance 16-95 reads as follows:

Sec. 16-95, - Prohibited use of private property.

It shall be unlawful for anyone other than the owner of a private property, a leaseholder of such private property, or other rightful occupancy of such private property to camp, sleep, reside, store personal property, or lie upon, any private property without the owner's or leaseholder's permission.  Any such use of private property authorized by and consented to by the owner or leaseholder of such private property must be in conformity with the provision of this Code, including, but not limited to the zoning and land use provisions of said Code, which are applicable to such private property, and if such is a violation of said Code, an authorization of such use by the landowner or leaseholder shall not nullify a violation of any provision of this section. (Ord. No 1075, § 1, 10-5-2022)

13.   The Summons and Accusation fails to state what provision of the Ordinance REV. SMALL is alleged to have violated. The summons required REV. SMALL to appear

Complaint For Violation of RLUIPA, Etc.

in the City Municipal Court on May 3, 2023; however, the case has now been delayed a number of times and is now scheduled for October 25, 2023.[1]

14.   On April 26, 2023, to provide a temporary shelter for the homeless persons wrongfully evicted from St. Johns Missionary Baptist Church, REV. SMALL installed a 30 by 30-foot popup canopy on adjacent lands owned by the St. Johns Missionary Baptist Church and leased to RHM.  After a strong thunderstorm, the canopy was replaced by a portable carport, a more substantial structure to provide a more secure location for the poor and homeless.

15.   Thereafter, the Defendant Building Official CHRISTOPHER JONES, prepared an undated report addressed "To Whom It May Concern" purporting to set forth conditions within the Church building making it unsafe for continued occupancy. To date, the Building Official has provided no notice to St. John's Church, RHM or Rev. SMALL listing the conditions within the Church building that must be corrected to make it safe for occupancy.

16.   Past experience with the Defendant Building Official, CHRISTOPHER JONES as shown by the attached letter addressed to a homeowner, demonstrates that the Building Official typically sends out a notice of items to be corrected/repaired and giving a minimum of 30 days to complete the repairs. Again, no such notice has been forthcoming with respect to the Church building at 1803 G street. (See JONES Ltr., attached as Exhibit "A.")

---

[1] It should be noted that the real estate located at 1803 G Street, Brunswick, GA, is not private property, but rather it is Church property zoned Local Commercial, which authorizes the use of the property as a Church.

Complaint For Violation of RLUIPA, Etc.

17. By letter dated April 27, 2023, Defendant CHRISTOPHER JONES notified RHM that the tent on the church property was in violation of the City Code Section 23-25-5(b).

Code Section 23-25-5(b) reads as follows:

Sec. 23-25-5. Temporary uses.

The building official is authorized to issue a temporary certificate of occupancy for temporary uses as follows . . .

(b)   Religious meeting in a tent or other temporary structure in HC, GC, BI, GI and LI districts for a period not to exceed 60 days. . . .

Defendant JONES' letter pointed out that the property on which the church is located is zoned Local Commercial (LC) and as such does not qualify as a location to have temporary structures as outlined in Code Section 23-25-5(b). The letter constituted a Notice of Mandatory Action requiring that the church remove the tent and any related support items such as portable toilets, generators, or storage trailers, no later than Friday, April 28, 2023, at 12:00 PM or risk a citation to appear in Municipal Court.

18. The structure remains on the church property, and on April 28, 2023, Defendant CHRISTOPHER JONES issued a City of Brunswick, Georgia, Municipal Court Accusation to REV. LEONARD SMALL for an "Unpermitted meeting in a tent or other temporary structure in violation of Code Section 23-25-5(b)" with notice to appear in Municipal Court on May 31, 2023.  The case has now been delayed a number of times and is now scheduled for October 24, 2023.

19.  On May 19, 2023, REV. SMALL, as CEO of Resurrection House Ministries, Inc., lessee of the Church at 1803 G Street, applied for a permit to do the necessary repairs to the Church building. By letter of May 25, 2023, the Building Official informed

Complaint For Violation of RLUIPA, Etc.

REV. SMALL that the application was incomplete and specifying additional information required. As noted on page one of the application, The Defendant City has denied access to the building since April 25, 2023, thereby preventing REV. SMALL and RHM from obtaining the necessary information as to the needed repairs as well as preventing subcontractors the ability inspect the building to determine cost estimates and submit bids.

20. On August 23, 2023, the City filed a nuisance action in *City of Brunswick, Georgia v. Leonard Small and St. John Missionary Baptist Church*, **Case No. CE23-01046, Glynn County Superior Court.**

21. By letter dated September 20, 2023, demand was made that the Defendant City remove its illegal plywood barriers and "No Entry" posters from the church building. The City has now granted access to the building, and repairs are in progress.

22. On October 3, 2023, the Superior Court substituted RHM for REV. SMALL as the proper party.

23. On October 6, 2023, the Superior Court granted the City's interlocutory injunction in which that Court ordered that RMH:

1. Remove all property whether personal or otherwise from the building, parking lot, and surrounding areas located on the Property;
2. Remove the tent structure from the parking lot located on the Property;
3. Remove the porta-potty(s) located on the Property;
4. Remove the temporary storage unit from the Property;
5. Prohibit[ed] access to the Property [by RMH], and its surrounding areas, provided however that nothing herein shall prevent Defendants from providing access to the building for the sole purpose of rectifying any and all building and code violations to bring the building and surrounding area in compliance with the applicable City codes.

Complaint For Violation of RLUIPA, Etc.

24. The Superior Court denied RHM's request for a certificate of immediate review.

## III.  GENERAL ALLEGATIONS

### A. PARTIES

25.   Plaintiff RESURRECTION HOUSE MINISTRIES, INC., (RHM) is now, and at all relevant times has been a Georgia nonprofit corporation with its principal place of business located in Savannah, Georgia.  At all times since 1991, REV. LEONARD SMALL has served as a volunteer for RHM working to carry out its Christian religious ministries. REV. SMALL has long been President, CEO and Executive Director of RHM's operations and currently serves in those capacities for no compensation.  LEONARD SMALL is a citizen of the State of Georgia and a resident of Savannah which is situate within the Southern District.  As President and CEO of RHM, REV. SMALL does business and carries out his Christian ministry throughout the Southern District.

26. Defendant the City of Brunswick is now, and at all relevant times has been a municipality organized and existing under the laws of the State of Georgia and a political subdivision of the State of Georgia, located in Glynn County.  The City receives funds from the federal government relating to various federal programs, including, but not limited to, the Community Development Block Grant Program, the Home Improvement Partnership Program and the American Rescue Plan Act.

27. Defendants Mayor COSBY H. JOHNSON and City Commissioners JOHN A. CASON, III FELICIA M. HARRIS, JULIE MARTIN and KENDRA L. ROLLE are duly elected officials of the City of Brunswick who formulate policy, supervise and direct the execution of governmental functions of the City of Brunswick.

10

Complaint For Violation of RLUIPA, Etc.

28.  Defendant City Manager REGINA M. MCDUFFIE is an employee and agent of the City of Brunswick who supervises and directs the governmental functions of the City under the direction of the Mayor and City Commissioners.

29. Defendant Chief of Police KEVIN M. JONES is an agent and employee of the City of Brunswick as its Chief Law Enforcement Officer who supervises and directs all law enforcement activities within the City.

30. Defendant Building Official CHRISTOPHER JONES is agent and employee of the City of Brunswick as its Building Official who supervises and directs the Building Permits & Inspections Department, which is responsible for ensuring public safety through the enforcement of federal, state, and local codes governing construction.

31. Defendant Glynn County Sheriff E. NEAL JUMP is the duly elected County Sheriff who is responsible for formulating policy, supervising and directing the law enforcement functions of his office throughout Glynn County in accordance with the laws of the State of Georgia.

32. The full names and capacities, whether individual, corporate, associate or otherwise, of the defendants herein named as DOES 1 through 20, inclusive, are presently unknown to Plaintiff who, therefore, sues such defendants by such fictious names. Plaintiff will amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff alleges on information and belief that all of the Defendants fictitiously named as DOES 1 through 20 are jointly and severally liable and at fault in some manner for the acts and omissions herein alleged and complained of and caused the injury and damage to Plaintiff as alleged herein.

33.  Plaintiff alleges on information and belief that in performing the acts and omissions alleged herein, each of the Defendants was the agent and employee of each

Complaint For Violation of RLUIPA, Etc.

of the other Defendants and was at all times acting under color of law and acting within the course and scope of such agency and employment.

## **FIRST CLAIM FOR RELIEF**

**(For Declaratory and Injunctive Relief Under 42 U.S.C. § 2000CC-2(a) for Violation of the Religious Land Use and Institutionalized Person Act and in Violation of the Fourteenth Amendment to the United States Constitution)**

34.  Plaintiff realleges and incorporates by reference as though fully set forth herein the contents of paragraphs 1 through 33 inclusive.

35.  Subsection 2(a) OF THE Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc et seq.) ("RLUIPA") provides in part as follows:

> (1) General Rule.  No government shall impose a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution –
>
> (A)    is in the furtherance of a compelling government interest; and
> (B)    is the least restrictive means of furthering that compelling governmental interest.

36.  Defendants have deprived and continue to deprive Plaintiff of its rights to free exercise of religion, as secured by RLUIPA, by imposing and implementing land use regulations that place a substantial burden on Plaintiff's religious exercise. These religious exercises included preaching and teaching the Gospel, communion services baptisms and Christian counseling services.

37.  Defendants' wrongful conduct in this regard has included, but had not been limited to, (a) the Defendant City, its Mayor COSBY H. JOHNSON, its Commissioners JOHN A. CASON, III, FELICIA M. HARRIS, JULIE  T. MARTIN, and KENDRA L. ROLLE,

Complaint For Violation of RLUIPA, Etc.

its City Manager REGINA M. MCDUFFIE, its Chief of Police KEVIN M. JONES, its Building Official CHRISTOPHER JONES, the Sheriff of Glynn County E. NEAL JUMP and Brunswick City Police, Glynn County Police and Glynn County Sheriff's Deputies, DOES 1 through 20's (collectively "The Defendants") relentless efforts to pressure Plaintiff to modify its behavior and to violate its religious beliefs to the onerous, and non-negotiable demands to close its emergency temporary sanctuary for homeless persons at 1803 G Street, (b) the Defendants' illegal trespass, illegal entry into and illegal search of Plaintiff's temporary emergency sanctuary, a safe haven, at 1803 G Street, and (c) the Defendants' illegal eviction of the poor and homeless occupants, the closing and boarding up Plaintiff's Church at 1803 G Street, all without due process of law and all in a willful and wanton violation of Plaintiff's rights under RLUIPA, the United States Constitution and the Constitution and laws of the State of Georgia.

38.   The Defendants have not demonstrated, and cannot demonstrate, that their above-described efforts and actions to prevent Plaintiff from exercising its religious beliefs in providing a temporary emergency sanctuary, a safe haven, to the poor and homeless is in furtherance of any compelling governmental interest.

39.   Moreover, the Defendants have wholly failed to demonstrate, and cannot demonstrate, that their "take-it-or-leave-it" terms for closing the temporary emergency sanctuary are "the least restrictive means" of advancing any governmental interest, compelling or otherwise.

40. To the extent that the Defendants maintain that (a) issuing Citations to REV. SMALL, charging him with violating the City's Zoning Ordinance by allegedly engaging in the "Prohibited Use of Private Property" (Section 16-95) in the St. Johns Missionary Baptist Church at 1803 G Street and "Unpermitted Meeting in a Tent or Other Temporary

Complaint For Violation of RLUIPA, Etc.

Structure in violation of Section 23-25-5(b) and (b) refusing to remove their illegal plywood barriers from the St. Johns Missionary Church building at 1803 G Steet unless Plaintiff stops exercising its religious beliefs by providing a temporary emergency sanctuary for the homeless at 1803 G Street and agrees to the excessively burdensome and oppressive provisions of the City's Zoning Ordinance as alleged above, they have not violated the rights provided Plaintiff under RLUIPA, an actual controversy has arisen and now exists between Plaintiff and the Defendants.

41.   In light of this actual and continuing controversy between Plaintiff and the Defendants, Plaintiff is entitled to a judicial determination which, *inter alia*:

(a)   adjudges, decrees, and declares that, in performing the acts alleged herein, the Defendants have unlawfully violated Plaintiff's rights under RLUIPA; (i) that Plaintiff is entitled to have unlimited access to the St. Johns Missionary Church building at 1803 G Street,  (ii)  that Plaintiff is further entitled to continue exercising its religious beliefs and pursuing its Christian ministry by, among other things, holding church services, providing a temporary emergency sanctuary for the poor and persons in need, providing food and shelter for the homeless and engaging in general outreach and resource services for poor and homeless individuals, and (iii) conduct advertising, marketing, or engaging in other free speech communications, whether public or private, relating to the operation of its temporary emergency sanctuary at 1803 G Street; and

(b) Invalidates, vacates and sets aside the Citations issued to REV. SMALL, the denial of RHM's application for a Building Permit and any and

14

all actions taken by the Defendants in reliance thereon or in furtherance thereof.

42.   In addition, Plaintiff is without an adequate remedy at law, because the statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

43. Injunctive relief is necessary and appropriate to prevent the Defendants from continuing to violate RLUIPA. Unless the Defendants are enjoined from taking actions described above, Plaintiff will be irreparably harmed in that it will be precluded from exercising its religious rights to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

44.   Accordingly, as a result of the Defendants' violation of RLUIPA, Plaintiff is entitled to prohibitory injunctive relief in the form of a temporary restraining order and preliminary injunction to prevent the Defendants, *pendente lite*, from imposing any fines, issuing any citations, or otherwise taking any enforcement or other punitive, retaliatory, or substantially burdensome actions against REV SMALL, RHM, or any of its members, agents, representatives, attorneys, volunteers, donors or lessors, based upon, or arising out of, or relating to RSM's exercise of its religious beliefs and the pursuit of its Christian ministry in*, inter alia*, (a) providing a temporary emergency sanctuary for the poor and persons in need at 1803 G Street, providing food and shelter for the homeless and engaging in general outreach and resource services for poor and homeless individuals, and (b) engaging in other free speech, communications, whether public or private, relating to the operation of its temporary emergency sanctuary at 1803 G Street.

45.   Plaintiff is also entitled to a permanent injunction directing the Defendants to, *inter alia,* grant RHM's application for a Building Permit and allow Plaintiff unlimited

Complaint For Violation of RLUIPA, Etc.

access to the St. Johns Missionary Baptist Church Building at 1803 G Street in order that Plaintiff can assess and contract for the necessary repairs to restore the building to provide charitable services to the poor and homeless and engage in general outreach and resource services  for poor and homeless individuals in response to the mandates of their religious beliefs, and advertising, marketing, or engaging in other free speech communications, whether public or private, related to its temporary emergency sanctuary for the homeless at 1803 G Street.

### SECOND CLAIM FOR RELIEF

### (For Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 for Violation of the First Amendment to the United States Constitution – Free Exercise of Religion, Free Speech, and Freedom pf Association)

46.  Plaintiff realleges and incorporates by reference as though fully set forth herein the contents of paragraphs 1 through 45, inclusive.

47.  Code Section 42 U.S.C. § 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to be deprived of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress."

48. The First Amendment to the Constitution of the United States prohibits interference with the free exercise of religion, the right to free speech, and freedom of association. The Fourth Amendment to the Constitution of the United States prohibits unreasonable search and seizure and provides that no Warrants shall issue, but upon

Complaint For Violation of RLUIPA, Etc.

probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized. The First and Fourth Amendments are applicable to the individual States by way of the Fourteenth Amendment to the Constitution of the United States.

49.  Implicit in the right to engage in activities protected by the First Amendment is a corresponding right to associate with others in the pursuit of a wide variety of political, social, economic, educational, religious and cultural ends.   The right to express association protects the right to associate with others for the purpose of engaging in those activities protected by the First Amendment, i.e., speech, assembly, petition for redress of grievances, and the exercise of religion. Plaintiff's right to freely and reasonably associate with poor and homeless persons for the purpose of engaging in religious expression is fully protected under the First Amendment.

50.  Defendants have made the unreasonable, arbitrary, and capricious demand that, in order to avoid arrest, fines and criminal prosecution for being an alleged unpermitted use, the Plaintiff must agree to abandon and betray its religious beliefs and practices by accepting and fully complying with Defendants non-negotiable conditions of closing down Plaintiffs' temporary emergency sanctuary for the poor and homeless at 1803 G Street.

51.  Implicit in the right to peaceful possession and enjoyment of the quiet possession of their Church property free from unreasonable search and seizure as protected by the Fourth Amendment is a corresponding right that any search must be based on a warrant issued on probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized. Plaintiff's right to peaceful possession and enjoyment of the quiet possession of its church

Complaint For Violation of RLUIPA, Etc.

property free from unreasonable search and seizure is fully protected under the Fourth Amendment.

52.  Both facially and as applied, the City Ordinances, as well as the Defendants' actions and omissions as alleged above, impermissibly and unduly infringe upon, restrict, interfere with, and burden the Constitutional rights of RHM's members, including the free exercise of religion, the right to free speech, the right of association and the right to be free from unreasonable search and seizure by, among other things, (a) preventing RHM and its members from freely expressing, both in words and action, their religious beliefs in providing a temporary emergency sanctuary for the poor and homeless, (b) forbidding them from freely and reasonably associating with, and serving the needs of, poor and homeless individuals by providing them with a temporary emergency sanctuary at 1803 G Street, and (c) by interfering with Plaintiff's right of free speech informing the public about the charitable services that Plaintiff provides the needy by providing misinformation by the press and social media.

53.  Defendants have not shown, and cannot show, that their infringement upon these fundamental constitutional rights is necessary to meet a compelling public need and that their warrantless entry and search of the church building, their legally unauthorized eviction of the occupants, and the legally unauthorized boarding up and shutting down the Plaintiffs' temporary emergency sanctuary art 1803 G Street are the least intrusive means of meeting that need.

54.  To the extent that the Defendants maintain that they have not violated and infringed upon the Plaintiff's rights under the First and Fourth Amendments to the United States Constitution as alleged above, they have not violated the rights provided the

Complaint For Violation of RLUIPA, Etc.

Plaintiff under the Constitution, an actual controversy has arisen and now exists between the Plaintiff and the Defendants.

55. In light of this actual and continuing controversy between the Plaintiff and the Defendants, the Plaintiff is entitled to a judicial determination which, *inter alia:*

(a) adjudges, decrees, and declares that, (i) in performing the acts alleged herein, the Defendants have unlawfully violated the Plaintiff's rights under the First and Fourth Amendments to the Constitution; (ii) that Plaintiff is entitled to have unlimited access to the St. Johns Missionary Church building at 1803 G Street free from unreasonable search and seizure, (iii) that Plaintiff is entitled to all Building Permits authorizing it to make necessary repairs to the church building at 1803 G Street, (iv) that Plaintiff is further entitled to continue exercising its religious beliefs and pursuing its Christian ministry by, among other things, conducting church services, providing a temporary emergency sanctuary for the poor and persons in need, providing food and shelter for the homeless and engaging in general outreach and resource services for poor and homeless individuals, and (v) conduct advertising, marketing, or engaging in other free speech communications, whether public or private, relating to the operation of its temporary emergency sanctuary at 1803 G Street; and

(b) invalidates, vacates and sets aside the Citations issued to REV. SMALL, the denial of RHM's application for a Building Permit and any and all actions taken by the Defendants in reliance thereon or in furtherance thereof.

56. In addition, Plaintiff is without an adequate remedy at law because the Constitutional violations it has suffered and continues to suffer cannot be adequately compensated by money damages. Indeed, unless enjoined by the Court, the Defendants

Complaint For Violation of RLUIPA, Etc.

will force Plaintiff to discontinue its religious activities at their temporary emergency sanctuary for the homeless at 1803 G Street.

57. Injunctive relief is necessary and appropriate to prevent the Defendants from continuing to violate the United States Constitution. Unless the Defendants are enjoined from taking actions described above, Plaintiff will be irreparably harmed in that it will be precluded from exercising its religious rights to conduct their unique ministry in serving the poor and homeless at its temporary emergency sanctuary at 1803 G Street.

58.   Accordingly, as a result of the Defendants' violation of the United States Constitution, Plaintiff is entitled to prohibitory injunctive relief in the form of a temporary restraining order and preliminary injunction to prevent the Defendants, *pendente lite*, from imposing any fines, issuing any citations, or otherwise taking any enforcement or other punitive, retaliatory, or substantially burdensome actions against Plaintiff, or any of its members, agents, representatives, attorneys, volunteers, donors or lessors, based upon, or arising out of, or relating to Plaintiff's exercise of its religious beliefs and the pursuit of its Christian ministry in*, inter alia*, (a) providing a temporary emergency sanctuary for the poor and persons in need, providing food and shelter for the homeless and engaging in general outreach and resource services for poor and homeless individuals, and (b) conduct advertising, marketing, or engaging in other free speech, communications, whether public or private, relating to the operation of its temporary emergency sanctuary at 1803 G Street.

59.  Plaintiff is also entitled to a permanent injunction directing the Defendants to, *inter alia,* grant RHM's application for a Building Permit and allow Plaintiff unlimited access to the St. Johns Missionary Baptist Building at 1803 G Street in order that Plaintiff can assess and contract for the necessary repairs to restore the building to provide

Complaint For Violation of RLUIPA, Etc.

charitable services to the poor and homeless and engage in general outreach and resource services  for poor and homeless individuals, and advertising, marketing, or engaging in other free speech communications, whether public or private, related to its temporary emergency sanctuary for the homeless at 1803 G Street.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.  For declaratory relief, and mandatory and prohibitory injunctive relief, as prayed for hereinabove;

2.  For damages in an amount determined by the enlightened conscience of an impartial jury;

3.  For attorney's fees under all applicable federal statutes;

4.  For costs of suit; and

5.  For such other and further relief as the Court deems just and proper.

This 23rd day of October 2023.

<div style="margin-left:40%">

/s/James A. Yancey, Jr.
JAMES A. YANCEY, JR.
Attorney for Plaintiff
State Bar of Georgia No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz

C:\WPDOCS\CIVIL RIGHTS\M-Z\POLICE MISCONDUCT\M-Z\RESURRECTION HOUSE MINISTRIES, INC. \M-Z\PLEADINGS\MISCONDUCT\MZ\RESURRECTION HOUSE INISTRIES, INC.\COMPLAINT FOR VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT AND VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

</div>

Complaint For Violation of RLUIPA, Etc.