UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| RESURRECTION HOUSE MINISTRIES, INC., A Georgia Nonprofit Corporation, | * * * * | |
| Plaintiff, | * * | |
| -VS- | * * | |
| CITY OF BRUNSWICK, a Municipal Corporation; COSBY H. JOHNSON, Mayor of the City of Brunswick; JULIE T. MARTIN, JOHN A. CASON, III, FELICIA M. HARRIS, and KENDRA L. ROLLE, City Commissioners for the City of Brunswick; REGINA M. MCDUFFIE, City Manager for the City of Brunswick; KEVIN M. JONES, Chief of the Brunswick Police Department; CHRISTOPHER JONES, Building Official for the City of Brunswick; E. NEAL JUMP, Sheriff of Glynn County; GLYNN COUNTY, ALLEN BOOKER, BO CLARK, CAP FENDIG, WAYNE NEAL, WALTER RAFOLSKI, DAVID SWEAT, SAMMY TOSTENSEN, County Commissioners for Glynn County, DOES 1 through 20 inclusive, all individually and in their official capacities; | * * * * * * * * * * * * * * * * * * * * * * | CIVIL ACTION NO.:    CV223-117 |
| Defendants. | * | |

AMENDED COMPLAINT FOR DAMAGES -
MORE DEFINITE STATEMENT OF CLAIMS

**RESURRECTION HOUSE MINISTRIES, INC. (RHM)**, Plaintiff in the above-styled

action, after acquiescing to Motions for More Definite Statement by all the prior Defendants, files

this Amended Complaint - More Definite Statement of Claims for Damages against Defendants in their individual and official capacities.

## I.  INTRODUCTION

### -1-

RHM brings this action against Defendants to compensate RHM  for damages  and injuries suffered through the closing of its ministry and the wrongful entry, search, seizure, and exclusion from St. John Missionary Baptist Church (Church), 1803 G Street, Brunswick, Glynn County, Georgia.

### -2-

RHM brings this action under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution,  the Religious Land Use and Institutionalized Persons Act (RLUIPA) (42 U.S.C. 2000cc *et seq*.) the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and state and local laws.

### -3-

RHM   demands a trial by jury.

## II.  JURISDICTION

### -4-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States and  the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

## III.  VENUE

### -5-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

**-6-**

The incidents and injuries suffered by RHM  occurred in this judicial district in Brunswick, Glynn County, Georgia in the Brunswick Division  of the United States District Court for the Southern District of Georgia.  28 U.S.C. § 90(c)(5).

## IV.   PARTIES

**-7-**

At all times relevant to this Complaint, RHM operated a Christian nonprofit corporation from the Church that ministered to the poor, hungry, homeless and other persons in need.

**-8-**

At all times relevant to this Complaint, all Defendants resided in Glynn County, Georgia.

**-9-**

At all times relevant to this Complaint, Defendant Johnson served as mayor of the City of Brunswick, Georgia.

**-10-**

At all times relevant to this Complaint, Defendants Cason, Martin, Harris, and Rolle served as Commissioners for the City of Brunswick, Georgia.

**-11-**

At all times relevant to this Complaint, Defendant McDuffie served as the city manager of the City of Brunswick, Georgia.

**-12-**

At all times relevant to this Complaint, Defendant Kevin Jones served as the police chief of the City of Brunswick, Georgia.

**-13-**

At all times relevant to this Complaint, Defendant Christopher Jones served as the Building Official of the City of Brunswick, Georgia.

**-14-**

At all times relevant to this Complaint, Defendant Jump served as the sheriff of Glynn County, Georgia.

**-15-**

At all times relevant to this Complaint, Defendants Booker, Clark, Fendig, Neal, Rafolski, Sweat, and Tostensen served as Commissioners for Glynn County, Georgia.

**-16-**

At all times relevant to this Complaint, Defendant Does, served as Glynn County deputy sheriffs, Glynn County Police Department officers and City of Brunswick Police officers.

## V.   STATEMENT OF THE FACTS

**-17-**

In October 2022,  Defendant City enacted an  anti-camping ordinance,  Code of City of Brunswick, Section 16-92 *et.seq*., that prohibited camping on public and private property without the express permission of the owner.

**-18-**

The City began enforcing of this ordinance in March 2023 after Defendant Johnson announced at the public city commission meeting, a "zero tolerance" policy in the enforcement of the ordinance.

**-19-**

On or about April 21, 2023, without any legal authority, Defendant City ordered closure of The Well, a Christian, church-owned day-time-only religious homeless resource center located at 1101 Gloucester Street,  Brunswick, Glynn County, Georgia approximately seven blocks from the Church.

**-20-**

From the Well's opening in 2015, the City waged a relentless effort to close The Well and remove the homeless from its city limits.

**-21-**

On April 21, 2023, without any legal authority to enforce it, the City issued a letter closing The Well for 65 days.

**-22-**

The City posted "No Trespassing" signs on the wall along the street in front of The Well, in the enforcement of its "no camping" ordinance.

**-23-**

This left the homeless without a resource center or a place to sleep.

**-24-**

On April 22, 2023, RHM leased the Church to provide an emergency temporary sanctuary, a safe haven, for the poor, the hungry, and the homeless thrust into the streets by the City's closing of The Well.

**-25-**

The City then trained its unlawful harassment of the poor and the homeless on RHM.

-26-

RHM's Christian ministry follows the words of Jesus where Jesus declared

> For I was an hungred, and ye gave me meat: I was thirsty, and ye gave me drink: I was a stranger, and ye took me in:
> Naked, and ye clothed me: I was sick, and ye visited me: I was in prison, and ye came unto me.
> Then shall the righteous answer him, saying, Lord, when saw we thee an hungred, and fed *thee*? or thirsty, and gave *thee* drink?
> When saw we thee a stranger, and took *thee* in? or naked, and clothed *thee*?
> Or when saw we thee sick, or in prison, and came unto thee?
> And the King shall answer and say unto them, Verily I say unto you, Inasmuch as ye have done *it* unto one of the least of these my brethren, ye have done *it* unto me. ***Matthew 25:35-40* (KJV)**

-27-

On Monday, April 24, 2023, at approximately 1:00 p. m., without a warrant, a court order, or any other authority, Defendant Kevin Jones ordered RHM, through Pastor Leonard Small, CEO of RHM, to vacate the Church building within 24 hours or risk arrest.

-28-

On April 25, 2023, Defendants Kevin Jones, McFadden, Chris Jones, Defendant Jump, supported by approximately twenty riot-gear equipped Glynn County police officers, Brunswick police officers, and Glynn County sheriffs' deputies, invaded the Church without a warrant or other court order, and illegally ordered the Church's building vacated within 10 minutes at the risk of arrest.

-29-

Pastor Small denied  Defendant Police Chief entry to the Church pursuant to the Fourth Amendment and the Code of City of Brunswick, Section 12-116, which stated that "[I]f the owner or person in possession of the building or premise refuses permission to enter, the building official

or other public officer may request an administrative search warrant from the judge of the municipal court, and the judge shall be authorized to issue the warrant upon a showing of probable cause."

**-30-**

Defendant Chief of Police nevertheless, without a warrant, surreptitiously opened the Church's back door and admitted Defendants Building Official, City Manager, and Does to the Church.

**-31-**

Media, including a television station from Jacksonville, Florida, covered this event extensively.

**-32-**

The enactment of the anti-camping ordinance, previous policies and public pronouncements regarding the removal of the homeless from Brunswick, empowered Defendants City, Mayor Johnson, Commissioners, and City Manager McDuffie to remove the homeless from the Church by the engagement of Defendant Jump, his deputies, Glynn County police officers, and Brunswick police officers.

**-33-**

Defendants illegally evicted the Church's occupants, boarded up the Church, and posted "No Entry" notices on the structure.

**-34-**

Defendants planned this joint operation as evidenced by the coordinated presence of the Brunswick City Police, Glynn County Police, the Glynn County Sheriff, the purchase and delivery on April 25, 2023 of plywood to the Church for the Church's boarding by City employees, and the possession and posting of "No Entry" notices.

-35-

Faced with the threat to "get out or be arrested," RHM and the homeless persons vacated the Church's building without arrests.

-36-

Defendant Chief of Police issued a Summons and Accusation to Pastor Small, for violation of the Code of the City of Brunswick, Section 16-95.13, Prohibited Use of Private Property.

-37-

The Summons and Accusation failed to state what provision of the ordinances Pastor Small, violated.

-38-

On April 26, 2023, RHM opened its temporary shelter outside the Church's sanctuary for the wrongfully evicted homeless persons.

-39-

A strong thunderstorm, prompted RHM to replace the initial structure with a more substantial portable carport.

-40-

Defendant Building Official, prepared an undated report addressed "To Whom It May Concern" that purported to set forth violations within the Church building that made it unsafe for continued occupancy.

-41-

Defendant Building Official did not provide any notice of the specific unsafe conditions.

**-42-**

Defendant Building Official typically sends a written notice that details alleged violations with a minimum of 30 days to complete the repairs.

**-43-**

The Church lies in an area zoned as local commercial, which authorizes the use of the property as a Church.

**-44-**

This property's continued use as a Church for decades and the tax exempt status recognized by the City and County governments codified the Church's status as a religious institution.

**-45-**

In a letter dated April 27, 2023, Defendant Building Official notified RHM that the tent on the Church's property violated Code of the City of Brunswick, Section 23-25-5(b).

**-46-**

The letter further ordered the removal of the carport and associated items that included portable toilets, generators, and storage trailers by April 28, 2023, at 12:00 P.M. or risk a citation to appear in Municipal Court.

**-47-**

On April 28, 2023, Defendant Building Official issued a Municipal Court Summons to Pastor Small for violation of Code of the City of Brunswick, Section 23-25-5(b) for a non permitted meeting in a tent or other temporary structure.

**-48-**

The Brunswick Municipal Court has dismissed this citation.

**-49-**

Defendant City has rejected RHM's permit applications to perform the necessary compliance work on the Church building while Defendant City continued to deny access to the property.

**-50-**

RHM sent Defendant City a letter dated September 20, 2023 that demanded removal of the illegal plywood barriers and "No Entry" posters so that RHM could inspect the building.

**-51-**

The City did not respond to this letter.

**-52-**

Defendant City filed a nuisance action in ***City of Brunswick, Georgia v. Leonard Small and St. John Missionary Baptist Church*, Case No. CE23-01046, Glynn County Superior Court**, where it sought a temporary and permanent injunction against Pastor Small and the Church.

**-53-**

On motion by Pastor Small, the Court substituted RHM as the proper Defendant in place of Pastor Small.

**-54-**

The Superior Court granted the City's interlocutory injunction in an October 6, 2023 order that directed RHM to:

1. Remove all property whether personal or otherwise from the building, parking lot, and surrounding areas located on the Property;

2. Remove the tent structure from the parking lot located on the Property;

3. Remove the porta-potty(s) located on the Property;

4. Remove the temporary storage unit from the Property;

5.      Prohibit[ed] access to the Property [by RMH], and its surrounding areas, provided however that nothing herein shall prevent Defendants from providing access to the building for the sole purpose of rectifying any and all building and code violations to bring the building and surrounding area in compliance with the applicable City codes.

**-55-**

The Superior Court denied RHM's request for a certificate of immediate review of the interlocutory injunction.

## V.  CLAIMS FOR RELIEF

RHM makes the following claims for relief:

### COUNT I

**DECLARATORY AND INJUNCTIVE RELIEF UNDER  42 U.S.C. § 2000CC-2(a) FOR VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT - ALL DEFENDANTS**

**-56-**

Subsection 2(a) of  The Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc et seq.) ("RLUIPA") provides in part as follows:

(1) General Rule. No government shall impose a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution –

(A) is in the furtherance of a compelling government interest; and

(B) is the least restrictive means of furthering that compelling governmental interest.

**-57-**

Defendants have deprived and continue to deprive RHM of its rights to the free exercise of religion, as secured by RLUIPA, by imposing and implementing land use regulations that placed a substantial burden on  RHM's religious rights.

-58-

Defendants have not demonstrated, and cannot demonstrate, that their above-described efforts further any compelling governmental interest.

-59-

Defendants have not demonstrated and cannot demonstrate, that the closing of the temporary emergency sanctuary constitutes the least restrictive means of advancing any governmental interest, compelling or otherwise.

-60-

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

-61-

Unless the Court enjoins Defendants RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will be precluded from exercising its religious rights to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

-62-

Accordingly, as a result of Defendants' violation of RLUIPA, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction necessary and appropriate to prevent Defendants from continuing to violate RLUIPA.

-63-

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's First Amendment Rights.

-64-

Defendant Jump and Defendant Does, made a show of force to intimidate RHM and the homeless into submitting to the illegal and unconstitutional acts of Defendants.

## COUNT II

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION - FREE EXERCISE OF RELIGION - ALL DEFENDANTS**

-65-

The First Amendment to the United States Constitution declares that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise. . . ."

-66-

Defendants' actions prevented RHM from freely exercising its religious rights protected by the First Amendment.

-67-

Defendants' unreasonable, arbitrary, and capricious demands that RHM cease its ministry in order to avoid arrest, fines and criminal prosecution violated RHM rights protected by the First Amendment.

-68-

Defendants have not demonstrated, and cannot demonstrate, that their above-described efforts further any compelling governmental interest.

-69-

Defendants have not demonstrated and cannot demonstrate, that the closing of the temporary emergency sanctuary constitutes the least restrictive means of advancing any governmental interest, compelling or otherwise.

**-70-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

**-71-**

Unless the Court enjoins Defendants RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will be precluded from exercising its religious rights to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

**-72-**

Accordingly, as a result of Defendants' violation of the First Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction necessary and appropriate to prevent Defendants from continuing to violate the First Amendment.

**-73-**

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies that authorized both Defendants Jones and Defendant McDuffie to violate RHM's First Amendment Rights.

**-74-**

Defendant Jump and Defendant Does, made a show of force to intimidate RHM and the homeless into submitting to the illegal and unconstitutional acts of Defendants.

**COUNT III**

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION - FREE SPEECH - ALL DEFENDANTS**

**-75-**

The First Amendment to the United States Constitution declares that "Congress shall make no law . . . abridging the freedom of speech. . . ."

**-76-**

Defendants' actions prevented RHM from freely exercising its rights to freedom of speech protected by the First Amendment.

**-77-**

Defendants have not demonstrated, and cannot demonstrate, that their above-described efforts further any compelling governmental interest.

**-78-**

Defendants have not demonstrated and cannot demonstrate, that the closing of the temporary emergency sanctuary constitutes the least restrictive means of advancing any governmental interest, compelling or otherwise.

**-79-**

Defendants' unreasonable, arbitrary, and capricious demands that RHM cease its ministry in order to avoid arrest, fines and criminal prosecution violated RHM rights protected by the First Amendment.

**-80-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

-81-

Unless the Court enjoins Defendants RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will be precluded from exercising its free speech rights to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

-82-

Accordingly, as a result of Defendants' violation of the First Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction necessary and appropriate to prevent Defendants from continuing to violate RLUIPA.

-83-

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's First Amendment Rights.

-84-

Defendant Jump and Defendant Does, made a show of force to intimidate RHM and the homeless into submitting to the illegal and unconstitutional acts of Defendants.

**COUNT IV**

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION - FREEDOM OF ASSOCIATION - ALL DEFENDANTS**

-85-

The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the . . . right of the people peaceably to assemble. . . ."

**-86-**

Implicit in the right to engage in activities protected by the First Amendment is a corresponding right to associate with others in the pursuit of a wide variety of political, social, economic, educational, religious and cultural ends.

**-87-**

The First Amendment fully protected RHM's right to freely and reasonably associate with poor and homeless persons for the purpose of engaging in religious expression.

**-88-**

Defendants had unreasonably, arbitrarily, and capriciously infringed upon RHM's freedom of association.

**-89-**

Defendants have not shown, and cannot show, that their infringement upon this fundamental constitutional right is necessary to meet a compelling public need.

**-90-**

Defendants have not shown, and cannot show, that their infringement upon this fundamental constitutional right is "the least restrictive means" of advancing any governmental interest, compelling or otherwise.

**-91-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

-92-

Unless the Court enjoins Defendants RHM its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will be precluded from exercising its freedom of association rights to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

-93-

Accordingly, as a result of the Defendants' violation of the First Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction necessary and appropriate to prevent Defendants from continuing to violate the First Amendment.

-94-

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's First Amendment Rights.

-95-

Defendant Jump and Defendant Does, made a show of force to intimidate RHM and the homeless into submitting to the illegal and unconstitutional acts of Defendants.

## COUNT V

**DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION BY CODE OF THE CITY OF BRUNSWICK, SECTION 16-95 - ALL DEFENDANTS**

-96-

The Code of the City of Brunswick, Section 16-95 reads as follows:

> Prohibited use of private property. It shall be unlawful for anyone other than the owner of a private property, a leaseholder of such private property, or other rightful occupancy of such private property

Page 18 of 32

to camp, sleep, reside, store personal property, or lie upon, any private property without the owner's or leaseholder's permission. Any such use of private property authorized by and consented to by the owner or leaseholder of such private property must be in conformity with the provision of this Code, including, but not limited to the zoning and land use provisions of said Code, which are applicable to such private property, and if such is a violation of said Code, an authorization of such use by the landowner or leaseholder shall not nullify a violation of any provision of this section. (Ord. No 1075, § 1, 10-5-2022).

**-97-**

Defendants Mayor and Commissioners adopted this ordinance specifically to prohibit RHM, The Well, and other Christian organizations from fulfilling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

**-98-**

The remaining Defendants enforced this unconstitutional ordinance.

**-99-**

This ordinance precluded RHM, The Well, and other Christian organizations from fulling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

**-100-**

This ordinance and the actions of Defendants under this ordinance, both facially and as applied impermissibly and unduly infringed upon, restricted, interfered with, and burdened the First Amendment rights of RHM, its members, including the free exercise of religion, the right to free speech, the right of association, among other things.

**-101-**

Defendants have not shown, and cannot show, that their infringement upon these fundamental constitutional rights is necessary to meet a compelling public need.

-102-

Defendants have not shown, and cannot show, that their infringement upon this fundamental constitutional right is "the least restrictive means" of advancing any governmental interest, compelling or otherwise.

-103-

Due to these constitutional shortcomings, the Court should declare the ordinance unconstitutional on its face and as applied, invalidate, vacate and set aside any citations issued to Pastor Small, reverse the denial of RHM's application for a building permit, and set aside any and all actions taken by Defendants in reliance on the ordinance or in furtherance of the ordinance.

-104-

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

-105-

Unless the Court enjoins Defendants from enforcing this ordinance, RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that it will be precluded from exercising their First Amendment rights, including the free exercise of religion, the right to free speech, and the right of association, among other things to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

-106-

Accordingly, as a result of the Defendants' violation of the First Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and

permanent injunction enjoining enforcement of the ordinance to prevent Defendants from continuing to violate the First Amendment.

## COUNT VI

**DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION BY CODE OF THE CITY OF BRUNSWICK, SECTION 23-25-5(b)  - <u>ALL DEFENDANTS</u>**

### -107-

Section 23-25-5(b) if the Code of the City of Brunswick, reads as follows:

> Sec. 23-25-5. Temporary uses.
>
> The building official is authorized to issue a temporary certificate of occupancy for temporary uses as follows . . . (b) Religious meeting in a tent or other temporary structure in HC, GC, BI, GI and LI districts for a period not to exceed 60 days.

### -108-

Defendants Mayor and Commissioners adopted this ordinance specifically to prohibit RHM, The Well, and other Christian organizations from fulfilling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

### -109-

The remaining Defendants enforced this ordinance.

### -110-

This ordinance curtailed RHM, The Well, and other Christian organizations from fulling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

### -111-

This ordinance and the actions of Defendants under this ordinance, both facially and as applied impermissibly and unduly infringed upon, restricted, interfered with, and substantially

burdened the First Amendment rights of RHM, its members, including the free exercise of religion, the right to free speech, the right of association.

**-112-**

Defendants have not shown, and cannot show, that their infringement upon these fundamental constitutional rights is necessary to meet a compelling public need.

**-113-**

Defendants have not shown, and cannot show that their legally unauthorized eviction of the occupants, and the legally unauthorized boarding up and shutting down the Plaintiffs' temporary emergency sanctuary is the least intrusive means of advancing any governmental interest, compelling or otherwise.

**-114-**

Due to these constitutional shortcomings, the Court should declare the ordinance unconstitutional on its face and as applied, invalidate, vacate and set aside any citations issued to Pastor Small,  reverse the denial of RHM's application for a building permit, and set aside any and all actions taken by Defendants in reliance on the ordinance or in furtherance of the ordinance.

**-115-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

**-116-**

Unless the Court enjoins Defendants from enforcing this ordinance, RHM,  its members, agents, representatives, volunteers, donors, the poor, and the homeless will be irreparably harmed in that they will be precluded from exercising its First Amendment rights, including the free exercise

of religion, the right to free speech, and the right of association, among other things to conduct its unique ministry in serving the poor and homeless at its temporary emergency sanctuary.

**-117-**

Accordingly, as a result of the Defendants' violation of the First Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction enjoining enforcement of the ordinance to prevent Defendants from continuing to violate the First Amendment.

**-118-**

Defendants Mayor and Commissioners adopted this ordinance specifically to prohibit RHM, The Well, and other Christian organizations from fulfilling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

**-119-**

The remaining Defendants enforced this ordinance.

**COUNT VII**

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION - CODE OF THE CITY OF BRUNSWICK, SECTIONS 16-95 AND 23-25-5(b) - ALL DEFENDANTS**

**-120-**

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**-121-**

Implicit in the right to peaceful possession and enjoyment of the quiet possession of the Church property free from unreasonable search and seizure as protected by the Fourth Amendment is a corresponding right that any search must be based on a warrant issued on probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

**-122-**

RHM's right to peaceful possession and enjoyment of the quiet possession of the Church free from unreasonable search and seizure is fully protected under the Fourth Amendment.

**-123-**

Both ordinances referenced above, facially and as applied, coupled with Defendants' actions and omissions as alleged above, had impermissibly and unduly infringed upon, restricted, interfered with, and burdened the Fourth Amendment rights of RHM, its members, agents, representatives, volunteers, donors, the poor, and the homeless  to be free from unreasonable searched and seizures.

**-124-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

**-125-**

Unless the Court enjoins Defendants from enforcing these ordinances, RHM will be irreparably harmed in that it will be remain subject to continuing violations of the  Fourth Amendment rights of RHM, its members, and the poor and homeless.

**-126-**

Accordingly, as a result of the Defendants' violation of the Fourth Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction enjoining enforcement of these ordinances to prevent Defendants from continuing to violate the Fourth Amendment.

**-127-**

Defendants Mayor and Commissioners adopted these ordinances specifically to prohibit RHM, The Well, and other Christian organizations from fulfilling their Christian mission in serving the poor and homeless in Brunswick, Georgia.

**-128-**

The remaining Defendants enforced these ordinances.

### COUNT VIII

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION - ILLEGAL TAKING - ALL DEFENDANTS**

**-129-**

The Fifth Amendment to the United States Constitution commands that "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**-130-**

Defendants took RHM's property without due process and just compensation when Defendants invaded the Church, caused the closing of RHM, and enacted Code of the City of Brunswick Sections, 16-95 and 23-25-5.

**-131-**

Defendants' actions closed the Church and forcibly took the ministry and the Church from RHM without just compensation.

**-132-**

Defendants' actions have deprived RHM, its members, agents, representatives, volunteers, donors or lessors of the ministry of any opportunity to operate the ministry.

**-133-**

Defendants' unreasonable, arbitrary, and capricious demands led the Glynn County Superior Court to close the ministry and the Church and force the abandonment of RHM's temporary emergency sanctuary for the poor and homeless.

**-134-**

Defendants have not shown, and cannot show, that their infringement upon these fundamental constitutional rights is necessary to meet a compelling public need.

**-135-**

Defendants have not shown, and cannot show, that their taking of RHM's ministry and the Church was the least intrusive means of advancing any governmental interest, compelling or otherwise.

**-136-**

RHM does not have an adequate remedy at law, because the constitutional and statutory violations it has suffered and continues to suffer cannot be adequately compensated by money damages.

**-137-**

Unless the Court enjoins Defendants from enforcing these ordinances and continuing to control the Church and its property, RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will remain subject to continuing violations of their  Fifth Amendment rights.

**-138-**

Accordingly, as a result of the Defendants' violation of the Fifth Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction enjoining enforcement of these ordinances to prevent Defendants from continuing to violate the Fifth Amendment.

**-139-**

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's Fifth Amendment Rights.

**-140-**

Defendants Kevin Jones and Christopher Jones took the Church from RHM.

**-141-**

Defendant McDuffie directed all the City's action against RHM and the Church.

**-142-**

Defendants Jump and the Does, provided the intimidating presence to coerce the removal of the Church from RHM by Defendants Kevin Jones, Christopher Jones, and McDuffie.

## COUNT IX

**DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION - ILLEGAL TAKING – ALL DEFENDANTS**

**-143-**

The Fourteenth Amendment to the United States Constitution states that "No State shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law. . . ."

**-144-**

Defendants in this Count commandeered the Church and the use of the Church from RHM's Christian ministry without due process of law or just compensation.

**-145-**

Defendants' actions closed the Church, forcibly taking the ministry from RHM.

**-146-**

Defendants' actions have deprived RHM, its members, agents, representatives, volunteers, donors or lessors of the ministry of any opportunity to operate the ministry.

**-147-**

Defendants' unreasonable, arbitrary, and capricious demands led the Glynn County Superior Court to close the ministry and the Church and force the abandonment of RHM's temporary emergency sanctuary for the poor and homeless.

**-148-**

Defendants have not shown, and cannot show, that their infringement upon these fundamental constitutional rights is necessary to meet a compelling public need.

-149-

Defendants have not shown, and cannot show, that their taking of RHM's ministry and the Church was the least intrusive means of advancing any governmental interest, compelling or otherwise.

-150-

Unless the Court enjoins Defendants from enforcing these ordinances and continuing to control the Church and its property, RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will remain subject to continuing violations of the Fourteenth Amendment rights of RHM, its members, and the poor and homeless.

-151-

Accordingly, as a result of the Defendants' violation of the Fourteenth Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction enjoining enforcement of these ordinances to prevent Defendants from continuing to violate the Fifth Amendment.

-152-

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's Fifth Amendment Rights.

-153-

Defendants Kevin Jones and Christopher Jones took the Church from RHM.

-154-

Defendant McDuffie directed all the City's action against RHM and the Church.

**-155-**

Defendants Jump and the Does, provided the intimidating presence to coerce the removal of the Church from RHM by Defendants Kevin Jones, Christopher Jones, and McDuffie.

**-156-**

Unless the Court enjoins Defendants from enforcing these ordinances and continuing to control the Church and its property, RHM, its members, agents, representatives, volunteers, donors, the poor, and homeless will be irreparably harmed in that they will remain subject to continuing violations of the Fourteenth Amendment rights of RHM, its members, the poor, and homeless.

**-157-**

Accordingly, as a result of the Defendants' violation of the Fourteenth Amendment, RHM is entitled to injunctive relief in the form of temporary restraining order and preliminary and permanent injunction enjoining enforcement of these ordinances to prevent Defendants from continuing to violate the Fourteenth Amendment.

**-158-**

Defendant City and Defendant Mayor and Commissioners adopted legislation and created policies to authorize both Defendants Jones and Defendant McDuffie to violate RHM's Fourteenth Amendment Rights.

**-159-**

Defendants Kevin Jones and Christopher Jones took the Church from RHM.

**-160-**

Defendant McDuffie directed all the City's action against RHM and the Church.

-161-

Defendants Jump and the Does, provided the intimidating presence to coerce the removal

of the Church from RHM by Defendants Kevin Jones, Christopher Jones, and McDuffie.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, **RESURRECTION HOUSE MINISTRIES, INC.** prays for relief as

follows:

a)    For declaratory relief, temporary restraining orders, and preliminary and permanent

   mandatory and prohibitory injunctive relief, as prayed for hereinabove;

b)    For damages in an amount determined by the enlightened conscience of an impartial

   jury;

c)    For attorney's fees under all applicable federal statutes;

d)    For costs of suit; and

e)    For such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of January 2024.


/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.
Attorney for Resurrection House Ministries, Inc.
State Bar of Georgia No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\M-Z\POLICE    MISCONDUCT\M-Z\2023RESURRECTION    HOUSE
MINISTRIES, INC. \M-Z\MOTIONS\RESURRECTION HOUSE MINISTRIES, INC\AMENDED
COMPLAINT FOR DAMAGES

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 18th day of January 2024.

/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.