IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RESURRECTION HOUSE MINISTRIES, INC., A Georgia Nonprofit Corporation, | * * * |
| Plaintiff | * * |
| v. | * Case Number: 2:23-cv-00117-LGW-BWC * |
| CITY OF BRUNSWICK, a Municipal Corporation; COSBY H. JOHNSON, Mayor of the City of Brunswick; JULIE T. MARTIN, JOHN A. CASON III, FELICIA M. HARRIS, and KENDRA L. ROLLE, City Commissioners; REGINA M. MCDUFFIE, City Manager for the City of Brunswick; KEVIN M. JONES, Chief of Brunswick Police Department; CHRISTOPHER JONES, Building Official for the City of Brunswick; E. NEAL JUMP, Sheriff of Glynn County; and DOES 1 through 20 inclusive, all individually and in their official capacities, | * * * * * * * * * * * * * * * |
| Defendants | * |

## MOTION TO DISMISS
### BY DEFENDANTS BRUNSWICK, JOHNSON, MARTIN, CASON, HARRIS, ROLLE, MCDUFFIE, K. JONES, AND C. JONES

COME NOW the City of Brunswick, Cosby Johnson, Julie Martin, John Cason III, Felicia Harris, Kendra Rolle, Regina McDuffie, Kevin Jones, and Christopher Jones, and pursuant to Fed. R. Civ. P. 12(b) move the Court to dismiss all claims asserted against them with prejudice. In support of this motion, Defendants show the following:

**Introduction**

In response to Defendants' motions for a more definite statement, Resurrection House Ministries ("RHM") has filed an Amended Complaint that fixes some of the structural issues contained in the original complaint.[1] However, the same fatal substantive flaw that was evident in the first version of RHM's pleading is even clearer in the second: this suit is an impermissible attempt to have this Court intervene in state-court proceedings that are not going RHM's way.

Following months of complaints by neighboring property owners and attempts to obtain voluntary compliance, the City of Brunswick filed a nuisance action in Glynn County Superior Court, seeking to enjoin RHM's operation of a makeshift homeless shelter in the yard of a derelict building. The state court held an evidentiary hearing at which RHM, represented by counsel, had the opportunity to present evidence and to argue that the City's actions violated RHM's constitutional rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Glynn County Superior Court concluded that the City had shown "substantial" evidence that RHM's operations

---

[1] The Amended Complaint still contains a number of shotgun-pleading defects. In particular, it fails to identify which of the 55 paragraphs of introductory factual allegations pertain to each of the nine causes of action, and the causes of action themselves consist almost entirely of legal conclusions unsupported by any facts. All nine counts are also leveled against all Defendants collectively, and only a few of them make an attempt to particularize the basis upon which specific defendants are alleged to be liable. Although these ongoing problems with the Amended Complaint would complicate any attempt by Defendants to move for dismissal solely on the ground that RHM has failed to state a claim, they do not preclude evaluation of the jurisdictional issues upon which this motion is based.

amounted to a nuisance, and issued a preliminary injunction requiring RHM to remove temporary structures from the property and prohibiting access for any purpose other than bringing the structure on the property in line with City building codes.

Only after receiving this unfavorable ruling in state court and failing to obtain a certificate of immediate review did RHM file this federal action. Each of the nine counts of RHM's Amended Complaint seeks injunctive and declaratory relief[2] that are fundamentally incompatible with the preliminary injunction entered by the Glynn County Superior Court. With respect to RHM's claims under RLUIPA, the Anti-Injunction Act unequivocally bars the relief requested; the effect of granting any of the relief sought by RHM in this action would be to enjoin the ruling of the Glynn County Superior Court, and none of the narrow exceptions to the bar of the Act applies. And *all* of RHM's claims are subject to abstention under *Younger v. Harris*. This action requests relief that would interfere with a state-court proceeding that was pending when this action was filed, the state-court proceeding and the relief already granted therein concern important state interests, and RHM could have been – and in fact was – heard on the issues it now presents to this Court during the state-court proceeding.

---

[2] None of the counts of the Amended Complaint seek monetary damages, and in fact, each count states that the violations therein "cannot be adequately compensated by money damages." A single general provision in RHM's prayer for relief does request "damages in an amount determined by the enlightened conscience of an impartial jury," but the actual counts of the complaint request only injunctive and declaratory relief. Dkt. 18, p. 31. Because RHM's claims are ultimately barred under *Younger v. Harris* regardless of the relief they seek, Defendants and the Court need not determine whether RHM is actually attempting to assert a claim for monetary relief.

Abstention is thus warranted, and the Court should dismiss RHM's Amended Complaint and allow this case to proceed in the Georgia courts.

## Statement of Facts

RHM leased a property in the City of Brunswick on April 22, 2023 for the purpose of opening a temporary homeless shelter. Dkt. 18, ¶ 24. The structure on the property was not safe for occupancy, and City of Brunswick officials thus ordered RHM to vacate the building on April 25, 2023. Dkt. 18, ¶¶ 27, 40. RHM then erected a large tent in the yard of the leased property and began offering homeless services from the temporary structure, which was later replaced with a "more substantial" portable carport. Dkt. 18, ¶ 38. City officials notified RHM on April 27, 2023, that the tent violated the City's zoning ordinance, and ordered that it, along with "portable toilets, generators, or storage trailers" that had also been erected on the property, be removed by the following day.[3] Dkt. 18, ¶¶ 45, 46.

The City of Brunswick filed suit in Glynn County Superior Court on August 23, 2023, seeking, *inter alia*, an injunction preventing Resurrection House Ministries ("RHM") from maintaining a public nuisance on a property within the City. Dkt. 18, ¶

---

[3] Although the Amended Complaint is silent as to whether RHM complied with this order, the original Complaint contained an admission that the tent remained on the property for at least six months after the City ordered its removal. Dkt. 1, ¶ 18. In any event, RHM's acknowledgment that the City sought and obtained an order enjoining a nuisance on the property makes clear that RHM did not comply with the City's order to remove the unpermitted structures from the leased property.

52; Exhibit A to this Motion, p. 1.[4] In its pleadings in state court, the City showed that the permanent structure on the property leased by RHM was in disrepair, that its condition violated a number of provisions of the City building code, and that it was "unfit for human habitation or [] commercial, industrial, or business use." Ex. A to this Motion, ¶¶ 8-12, 26 & Ex. C thereto. The City further showed that after access to the building was restricted due to its unsafe condition, the outdoor portion of the leased property became an "urban campsite." Ex. A to this Motion, ¶ 29. The City requested that the Glynn County Superior Court enjoin "all operations on the property" and order RHM to "abate the public nuisance on the property." Ex. A to this Motion, p. 7. RHM filed an answer raising, among other defenses, allegations that the City's actions violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and RHM's First Amendment rights. Exhibit B to this Motion, ¶¶ 6, 10.

Approximately a month after the City filed its nuisance action, RHM sent a letter to the City demanding that it be allowed access to the leased building to conduct an inspection. Dkt. 18, ¶ 50. Because the question of access to the property was under litigation in Glynn County Superior Court, the City did not make any extrajudicial response to the letter. Dkt. 18, ¶ 51.

An evidentiary hearing was held in Glynn County Superior Court on October 3,

---

[4] "Under the doctrine of incorporation by reference, [courts] may [] consider documents attached to [a] motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020).

2023, and three days later the court entered an order granting the City's request for a preliminary injunction. Dkt. 18, ¶ 54; Exhibit C to this Motion, pp. 1-2. Specifically, the Superior Court ordered RHM to remove the tent, portable toilets, storage unit, and any other personal property from the church building and the surrounding land. Dkt. 18, ¶ 54. The court further enjoined RHM from accessing the property for any purpose other than "rectifying any and all building and code violations to bring the building and surrounding area in compliance with the applicable City codes." *Id.* After the Superior Court denied RHM's request for a certificate of immediate review by the Georgia Court of Appeals, RHM filed this action. Dkt. 18, ¶ 55.

## Standard of Review

"Whether a district court has the authority to enjoin a state court action under an exception to the Anti–Injunction Act is a question of law . . . " *Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 1272 (11th Cir. 2011). If an exception applies, the question of whether an injunction should actually issue is "a mixed question of law and fact" and the trial court can exercise its discretion. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1334 (11th Cir. 2014). Absent an exception, however, the trial court cannot issue an injunction in violation of the Act. *Id.*

"[W]here *Younger's* prerequisites are not satisfied, federal courts must exercise their jurisdiction." *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023). "However, when the prerequisites are met, federal courts may *and should* withhold equitable relief to avoid interference with state proceedings." *Id.*, citing *31*

*Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (punctuation omitted, emphasis added by 11th Cir.). Ultimately, the question of whether to abstain under *Younger* from exercising jurisdiction is committed to the trial court's discretion. *Id.*

## Argument and Citation of Authority

### I.   *Plaintiff's claims under RLUIPA are barred by the Anti-Injunction Act.*

The Anti–Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The Anti–Injunction Act's core message is one of respect for state courts, and it broadly commands that those tribunals shall remain free from interference by federal courts." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1335 (11th Cir. 2014), quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011) (punctuation and citation omitted). "[P]roceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1250 (11th Cir. 2006) (citation omitted).

"[A] federal court does not have inherent power to ignore the limitations of [the Anti-Injunction Act] and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atl. Coast Line R. Co. v.*

*Bhd. of Locomotive Engineers*, 398 U.S. 281, 294, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234 (1970). And "the prohibition of [the Anti-Injunction Act] cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Id. See Ayala v. Rude McClosky Smith Schuster & Russell, PA*, No. 1:05-CV-00079-MP-AK, 2005 WL 914750, at *1 (N.D. Fla. Apr. 19, 2005) (collecting cases and holding that "the Anti-Injunction Act is equally applicable to an injunction addressed [] to the parties to the state court action, instead of directly to a state court. . . . the fact that the plaintiff characterizes the requested relief as applying to the defendant[s] is of no import [where t]he effect of the relief would be to foreclose application of the state court order. . .").

Here, each of the nine counts of RHM's Amended Complaint seeks injunctive relief that cannot be granted without effectively nullifying the injunction entered by the Glynn County Superior Court. Dkt. 18, ¶¶ 61, 71, 81, 92 (seeking injunction allowing RHM to operate its "temporary emergency sanctuary"), ¶¶ 105, 116 (seeking injunction prohibiting City from enforcing its zoning ordinances and allowing RHM to operate its "temporary emergency sanctuary"), ¶ 125 (seeking injunction prohibiting City from enforcing same zoning ordinances identified in preceding counts), ¶¶ 137, 150 (seeking injunction preventing Defendants from "control[ling] the Church and its property."). The state-court order currently in place prohibits RHM from allowing anyone to access the property other than for the purpose of "rectifying any and all building and code violations." Dkt. 18, ¶ 54. Because each of Plaintiff's claims for relief requests access and

use of the property that are not permitted under the Glynn County Superior Court injunction, the Anti-Injunction Act is implicated and precludes RHM's claims to the extent that no exception applies.

The three enumerated exceptions to the Anti-Injunction Act, "though designed for important purposes, are narrow and are not to be enlarged by loose statutory construction." *SFM Holdings,* 764 F.3d at 1335, quoting *Smith*, 564 U.S. at 131 (punctuation and citation omitted, alterations adopted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970). With respect to RHM's claims under RLUIPA, none of the exceptions to the Anti-Injunction Act applies.

### A.     *The "expressly authorized by Congress" exception does not apply.*

The Supreme Court has set forth a two-part test for evaluating whether a requested injunction comes within the "expressly authorized by Congress" exception to the Anti-Injunction Act: "(1) the statute must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, and (2) the federal right or remedy must be such that it can be given its intended scope only by the stay of a state court proceeding." *Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655 (11th Cir. 2014), citing *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (punctuation omitted). Generally, if the plaintiff's claims could have been brought in

state court, then the remedy sought is not "uniquely federal," and the inquiry ends. *Mercer*, 569 F. App'x at 655 (affirming district court's denial of injunction under federal Fair Housing Act to halt state-court eviction proceedings because the FHA is enforceable in state courts).

The Religious Land Use and Institutionalized Persons Act is enforceable in state courts, and RHM thus is not attempting to vindicate a "specific and uniquely federal right or remedy" in its claims under RLUIPA in this action. *See* 42 U.S.C.A. § 2000cc-2 (allowing for RLUIPA claims to be brought in any "judicial proceeding" and explicitly acknowledging potential for "full and fair adjudication of [RLUIPA] claim in [a] non-Federal forum"). RHM's claims under RLUIPA could have been asserted in state court, and the "expressly authorized by Congress" exception to the Anti-Injunction Act is consequently inapplicable.

    B.    *The "necessary in aid of jurisdiction" exception does not apply.*

"In light of the federalism concerns underlying the Anti–Injunction Act, courts construe the 'necessary in aid of its jurisdiction' exception narrowly." *Est. of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 1273 (11th Cir. 2011) (punctuation and citation omitted, alterations adopted). Thus, "it is not enough that the requested injunction is related to" the federal court's jurisdiction. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1250–51 (11th Cir. 2006). Rather, a federal court generally may issue an injunction in aid of its jurisdiction "in only two circumstances: (1) the district court has exclusive jurisdiction over the action because it had been

removed from state court; or, (2) the state court entertains an in rem action involving a res over which the district court has been exercising jurisdiction in an in rem action." *Id.*

This case was not removed from state court, and it is not an *in rem* action. The "necessary in aid of jurisdiction" exception to the Anti-Injunction Act does not apply to RHM's claims under RLUIPA.

      C.      *The "protect and effectuate judgments" exception does not apply.*

The third and final exception to the Anti-Injunction Act "is clearly inapplicable [where] the district court never issued any [earlier] judgment in connection with the [case]." *Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655 (11th Cir. 2014). In the seminal Supreme Court case applying the Anti-Injunction Act, the defendant railroad sought and was denied an injunction in federal court to stop its employee union from picketing, and then sought and successfully obtained the injunction in state court. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 283, 90 S. Ct. 1739, 1741, 26 L. Ed. 2d 234 (1970). The union then asked the federal court to enjoin the railroad "from giving effect to or availing (itself) of the benefits of that state court order." *Id.* at 288 (punctuation omitted). Although the requested federal injunction would have the effect of nullifying the state-court injunction, the District Court concluded that it was appropriate to "protect and effectuate" its earlier judgment denying the railroad's initial request for an injunction in federal court. *Id.* The Court of Appeals affirmed, but the Supreme Court reversed, holding that the District Court's initial denial of the injunction did not operate to bar the state court from later granting the same injunction.

*Id.* Once the state court acted, the Supreme Court held, the Anti-Injunction Act prevented the District Court from entering an order effectively overriding the state-court injunction.

Here, this Court was not involved in this case or with the events underlying it prior to the state court's issuance of its injunction. There is no prior judgment from this Court which RHM's request for an injunction under RLUIPA could potentially "protect and effectuate," and the third exception is inapplicable. And as the analysis performed by the Supreme Court in *Atlantic Coast Line* demonstrates, even in cases that present a much closer call than this one, the exceptions to the Anti-Injunction Act are extremely narrow. The RLUIPA claims in this case do not come within any of them, and the Act thus bars them.

## II. Younger *abstention is warranted with respect to RHM's claims under both RLUIPA and 42 U.S.C. §1983.*

In *Mitchum v. Foster*, the Supreme Court held that actions brought under 42 U.S.C. §1983 fall within the "expressly authorized by Congress" exception to the Anti-Injunction Act. 407 U.S. 225, 242–43, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). As a result, RHM's remaining claims – all of which are asserted under 42 U.S.C. §1983 – are not automatically barred in the same manner as its RLUIPA claims.

However, the Supreme Court went on to clarify the year after it issued its ruling in *Mitchum* that it had "held only that a district court was not absolutely barred by statute from enjoining a state court proceeding when called upon to do so in a §1983 suit." *Gibson v. Berryhill*, 411 U.S. 564, 573, 93 S. Ct. 1689, 1695, 36 L. Ed. 2d 488 (1973).

Nothing in *Mitchum*, the Court noted, "purported to call into question the established principles of equity, comity, and federalism which must, under appropriate circumstances, restrain a federal court from issuing such injunctions." *Id.*

It is "the basic principle of federalism" that a federal court "may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Id.,* citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). And the rule set forth in *Younger* applies equally to "strictly civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems" as to state criminal proceedings. " *Green v. Jefferson Cty. Comm'n,* 563 F.3d 1243, 1251 (11th Cir. 2009). "*Younger* abstention applies to claims for injunctive relief as well as claims for declaratory judgment that would effectively enjoin state proceedings." *Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020), citing *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

Abstention by a federal court is proper where three requirements are met: first, there is an "ongoing state judicial proceeding"; second, "the proceedings implicate important state interests"; and third, "there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). All three of these requirements are met here, with respect to all of RHM's claims – both those under RLUIPA and those under 42 U.S.C. §1983.

  A. *A state judicial proceeding that would be adversely affected by the relief RHM seeks was pending at the time this federal action was filed.*

"[A]n essential part of the first [] factor in *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id.* The Eleventh Circuit has noted that "[t]he relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *Id.* However, where the relief sought in federal court *would* lead to direct interference and cause the federal court to "usurp the state cour[t's] ability to perform [its] judicial functions," abstention is necessary. *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004).

  Here, a state judicial proceeding was ongoing at the time this federal suit was initiated. The City filed its nuisance action in Glynn County Superior Court in August of 2023 – nearly five months prior to the commencement of this suit. And as shown at length in the foregoing discussion of RHM's claims under RLUIPA, the relief requested by RHM in this suit would "directly interfere" with the proceeding in state court if granted. The injunctive relief sought by RHM here, including unfettered access to the leased property for itself and its clientele, cannot be implemented without violating the state court's injunction prohibiting access to the property for any purpose other than remedying violations of the building code. The judicial functions performed by the state

-14-

with respect to that injunction – hearing evidence and argument regarding violation of state nuisance law and local building codes, crafting an order to halt those violations, and retaining jurisdiction to enforce its order – would be entirely usurped by a federal ruling granting any of the relief requested in the Amended Complaint. The first element for *Younger* abstention is easily met here.

        B.       *This case concerns important state interests.*

The Eleventh Circuit has recognized that "health, safety, environmental preservation, privacy, preservation of property values and a robust tax base, and the segregation of residential and commercial uses" are "important state interests" that arise in the context of land use. *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1381 (11th Cir. 2021). These are the interests that were cited by the City in its request to Glynn County Superior Court for an injunction, and the interests which the injunction granted by the state court was intended to protect. Ex. A, ¶ 16 (noting that RHM's use of property as homeless shelter "presented a danger to the health, safety and welfare of those on the Property and the surrounding residential neighborhood"), ¶ 28 (noting complaints from neighbors regarding "indecent exposure, illicit drug use and sales, fights, vulgar language, littering, and other acts that disturb the peace, damage the property, and lend to the general decay of the affected neighborhood"); Ex. C, p. 2 (holding that City presented "substantial evidence in the form of documentation and live witness testimony setting forth the nuisance conditions on the Property."). The issuance by this Court of any of the relief requested by RHM would directly undermine

the work of a state court to protect important state interests, and the second *Younger* factor is thus satisfied.

        C.     *RHM had an adequate opportunity in the state proceedings to raise its constitutional challenges.*

A plaintiff seeking relief in federal court on claims that could have been raised in a related state proceeding "ha[s] the burden of establishing that the state proceedings do not provide an adequate remedy for [its] federal claims." *Butler v. Ala. Judicial Inquiry Comm'n*, 261 F.3d 1154, 1159 (11th Cir. 2001). "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982) (emphasis in original). A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987). "Plaintiffs, having failed to raise their federal claims in the ongoing state proceedings involving them, must overcome this initial presumption by demonstrating that the state remedies are inadequate." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003). The availability of eventual review by state appellate courts generally precludes a finding that state remedies are inadequate. *See Williams v. Adkinson,* 792 F. Supp. 755, 767 (M.D. Ala. 1992), aff'd, 987 F.2d 774 (11th Cir. 1993) (holding that where "the standard channels for obtaining review of an unfavorable state-court judgment remain available," federal courts should not

"interrupt the orderly course of those proceedings.").

Here, not only *could* RHM have raised its constitutional challenges in the state proceedings – it actually did so, asserting in its answer and at an evidentiary hearing many of the same constitutional and RLUIPA defenses it now raises in this action. The Amended Complaint contains no allegations sufficient to support a finding that the state-court proceeding, and the state-court appellate process, do not provide an adequate forum for litigation of RHM's claims under RLUIPA and 42 U.S.C. §1983. *Cf. Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S. Ct. 1689, 1697, 36 L. Ed. 2d 488 (1973) (holding that third *Younger* factor was not met where state proceeding was pending before board that had been determined "incompetent by reason of bias to adjudicate the issues pending before it."). RHM has raised, and continue to raise, all of the claims it attempts to assert in this action in the case already pending in Glynn County Superior Court. The third *Younger* factor is thus satisfied, and abstention is warranted with respect to all of RHM's claims.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court dismiss all claims asserted against them in Plaintiff's Amended Complaint.

Respectfully submitted, this fifteenth day of February, 2024.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

**ATTORNEYS FOR DEFENDANTS BRUNSWICK, JOHNSON, MARTIN, CASON, HARRIS, ROLLE, MCDUFFIE, K. JONES, AND C. JONES**