# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RESURRECTION HOUSE MINISTRIES, INC., | |
| Plaintiff, | 2:23-cv-117 |
| v. | |
| CITY OF BRUNSWICK, et al., | |
| Defendants. | |

### ORDER

Plaintiff filed a Motion to Amend the Complaint, seeking to add claims for monetary damages. Dkt. No. 77. The Magistrate Judge entered an Order denying the Motion. Dkt. No. 83. Plaintiff then filed an Objection to the Magistrate Judge's Order. Dkt. No. 85. For the following reasons, the Court finds no clear error in the Magistrate Judge's Order denying Plaintiff's Motion to Amend the Complaint. The Court **OVERRULES** Plaintiff's Objection. The Amended Complaint remains the operative pleading in this case. Dkt. No. 18.

### BACKGROUND

Plaintiff filed suit, alleging that Defendants violated the Religious Land Use and Institutionalized Person Act, as well as the Fourteenth Amendment. Dkt. No. 12. Plaintiff filed an Amended Complaint. Dkt. No. 18. Plaintiff then filed a Motion to Allow a Second Amended Complaint. Dkt. No. 77. Plaintiff argues that

it should be allowed to amend "to clarify and conform the pleadings to the evidence before the Court" and cites Federal Rule of Civil Procedure 15(a)'s liberal amendment standard. Id.

The Magistrate Judge denied Plaintiff's Motion. Dkt. No. 83. The Magistrate Judge explained that because Plaintiff's Motion comes roughly nine months after the Scheduling Order's amendment deadline, Plaintiff must satisfy Federal Rule of Civil Procedure 16(b)'s good cause standard in addition to Rule 15. The Magistrate Judge denied relief because "Plaintiff makes no argument for good cause at all" and so Plaintiff fails to demonstrate the diligence required to meet Rule 16's requirements. Id. at 4.

Plaintiff then filed its Motion to Reverse Order, which the Court construes as an Objection to the Magistrate Judge's Order. Dkt. No. 85. Plaintiff argues that, though it never cited or argued good cause in its Motion to Amend, "[r]eading the record as a whole," it met Rule 16's standard for good cause. Id. at 2.

## LEGAL STANDARD

A party may file objections to a Magistrate Judge's Order deciding a non-dispositive pretrial motion. Fed. R. Civ. P. 72(a). If a party so objects, the district judge must consider the objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. Clear error is a highly deferential standard of review, and a finding is only clearly erroneous when "the reviewing court on the entire evidence

2

is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (citation omitted). A magistrate judge's decision is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, Case No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted).

## DISCUSSION

Plaintiff does not present sufficient grounds for the Court to modify or set aside the Magistrate Judge's Order. In its initial Motion, Plaintiff relied exclusively on Federal Rule of Civil Procedure 15(a)'s liberal amendment standard and failed entirely to meet Rule 16's good cause standard. Plaintiff argues in its Objections that "the record as a whole" demonstrates that it met Rule 16's standard for amendment of the Scheduling Order, even though it made no such argument in the Motion to Amend. Dkt. No. 85 at 2.

Plaintiff provides several arguments for why it should be authorized to add additional claims of monetary damages to its Complaint. First, Plaintiff argues that it "placed Defendants on notice of its intention to seek money damages as far back as the ante litem notice served upon the City on August 4, 2023." Id. Plaintiff argues that "although the specifics could have been clearer, both the original and first amended complaints contained monetary damages among the relief requested." Id. Plaintiff

3

asserts that "nominal damages are authorized for the violation of any constitutional right." Id. Plaintiff concludes that "[i]t became clear that the complaint could have been clearer with respect to damages after Defendants filed their respective motions for summary judgment." Id.

Federal Rule of Civil Procedure 16(b)'s good cause standard "precludes modification [of the Scheduling Order] unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted). A party's diligence depends on a number of factors, including "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." Nutradose Labs, LLC v. Bio Dose Pharma, LLC, No. 22-cv-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1419 (11th Cir. 1998)).

Plaintiff did not attempt to argue its diligence or even cite Rule 16 in its Motion. The Magistrate Judge correctly found that this oversight demonstrated a clear failure by Plaintiff to meet its burden to show good cause to amend the Complaint. In its Objections, Plaintiff simply provides additional reasons why it

should be granted leave to amend.  Plaintiff's arguments contain no citation to any legal authority.  In addition, these post-hoc arguments in support of amendment do not demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law.

Even considering Plaintiff's post-hoc arguments, Plaintiff has not demonstrated the necessary diligence to satisfy Rule 16. Plaintiff's arguments are centered around its contention that it already alleged monetary damages in its earlier Complaints and that it merely seeks to clarify its allegations surrounding monetary damages.  But each of these arguments relates to information that was clearly in Plaintiff's possession long before the Scheduling Order deadline.  And Plaintiff's argument that it only realized that the Complaint "could have been clearer" after Defendants filed motions for summary judgment fails to meet a standard of diligence.  Dkt. No. 85 at 2.  Diligence is based on when a movant acquires new information and how the movant acts on that information once acquired.  Plaintiff's arguments do not demonstrate that it acquired any new information, but rather that Plaintiff realized later that it should have drafted the initial Complaint differently.  Rule 16 does not provide for modification of the schedule on this basis, and Plaintiff cites no authority to the contrary.  Because Plaintiff failed to satisfy Rule 16 in its initial Motion and Plaintiff's Objections fail to demonstrate clear error, Plaintiff may not amend the Complaint.

CONCLUSION

For the foregoing reasons, the Court finds no clear error in the Magistrate Judge's Order denying Plaintiff's Motion to Amend the Complaint. The Court **OVERRULES** Plaintiff's Objection. The Amended Complaint remains the operative pleading in this case. Dkt. No. 18.

**SO ORDERED**, this  5  day of January, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA